EVA L. BROWN, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, November 23, 1914.

1. NEGLIGENCE: Defective Crosswalk: Instruction: Clerical Error. In a suit to recover damages for a fall alleged to have been caused by a defective crosswalk, the petition and evidence located the walk at the intersection of two streets and on the *north* side of Seneca street. Plaintiff's instruction inadvertently referred to the crosswalk as being at said intersection and on the *west* side of Seneca. This was an impossible location, as Seneca ran east and west. *Held,* merely a clerical error which would deceive no one.

2. ———: ———: ———: Contributory Negligence. An instruction on contributory negligence is properly refused when there is no evidence to support it.

3. ———: ———: Evidence. It is not error to inquire of a medical expert witness whether or not the injury would likely subject the plaintiff to rheumatism, even though no claim of rheumatism was made in the petition. The effort was not to show plaintiff had suffered rheumatism, but to show the condition such an injury would reasonably and probably leave a person in.

4. ———: ———: ———. Where, in the course of plaintiff's direct examination, her counsel was endeavoring to show that

the trip to the hospital was not on account of the injured knee for which she was suing, plaintiff answered the question and then volunteered the statement that she went to the hospital the second time and that her fall caused the removal of a tumor sooner than it otherwise would have been, the last statement should not have been made, but as no objection was made to it nor request made to strike it out, it is not ground for reversal.

5. ———: ———: ———: **Making Contractor Party Defendant: Exclusion of Contract.** Where there was no evidence tending to show the act of a contractor caused the defect in the walk, it was not error to exclude the contract entered into between the city and the contractor.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk*, Judge.

AFFIRMED.

*Frank B. Fulkerson, L. E. Thompson* and *Herman Hess* for appellant.

*John S. Boyer* and *Charles C. Crow* for respondent.

TRIMBLE, J.—Suit for personal injuries alleged to have been sustained by a fall caused by a defective crosswalk in one of the public streets of appellant city. Respondent was returning home from church between 9:30 and 10 o'clock in the evening of March 27, 1913. It was dark and the street was not illuminated. Having alighted from a street car at the intersection of Thirty-third and Seneca streets, respondent started west on the crosswalk over Thirty-third street and on the north side of Seneca. This crosswalk was made of large boards laid lengthwise of the crossing and nailed to stringers thereunder. One of these boards had warped and the nails in the east end of the board had pulled out of the stringer allowing the board to cup up and raise the end of the board some six inches or more above the level of the walk with

the nails still remaining in the board and turned outward toward the east. It had remained in this condition for a month or six weeks prior to the night in question. Respondent's toe or foot caught under the upturned end of this board and she was thrown heavily to the ground injuring her left leg and knee.

Appellant offered no evidence to dispute the facts concerning the location of the crosswalk or the defect therein or respondent's fall thereon as a result thereof, nor any disputing the manner in which it occurred, or that an injury was in fact received.

The first complaint of error is that the petition did not count upon negligence of defendant in maintaining the crosswalk in a dangerous and unsafe condition. But a reading of the entire petition, without confining one's self to a preliminary paragraph thereof, will disclose that this contention is without merit. Point is also made that respondent's instruction number 1, which submitted the case, referred to the place of the accident as the crosswalk "at the intersection of Thirty-third and Seneca streets in said city and on the *west* side of Seneca street in Thirty-third street" when the petition alleged, and the evidence showed, that it was on the *north* side of Seneca street. There was but one crosswalk shown in evidence and that was the one where the fall occurred. Thirty-third street runs north and south intersecting Seneca which runs east and west. Therefore, there could be no *west* side of Seneca street. Hence, the error in the instruction in referring to the crosswalk as being on the west side instead of the north side of Seneca street was merely clerical and could deceive or mislead no one. The context showed that the place referred to was the crosswalk located as specified in the petition and evidence. Such an error is no ground for reversal. [Drimmel v. Kansas City, 180 Mo. App. 339, 168 S. W. 280.]

Appellant next says the court erred in refusing its instruction on contributory negligence. This instruc-

tion, however, was properly refused, since there was no evidence whatever tending to show contributory negligence. Appellant offered no evidence concerning the happening of the fall, and no proof nor inference of contributory negligence appeared in respondent's evidence.

On the cross-examination of defendant's medical expert, respondent's counsel was trying to get the expert to admit that the injured knee was likely to remain in a weakened state and hence constitute a permanent injury. In the course of this cross-examination the question was asked whether or not such an injury would likely subject the person to rheumatism. Appellant objected and now claims this was error because the petition did not allege rheumatism. But the question was not in reference to rheumatism suffered by respondent. No attempt was being made to show that she had suffered rheumatism and that it was caused by the injury. If such had been the attempt, then possibly the case of Peterie v. Railroad, 177 Mo. App. 359, cited by appellant, might apply. But the question objected to was to show the condition such an injury would reasonably and probably leave a person in, whether or not the knee joint would always remain weakened and predispose one to attacks of rheumatism. There was no reversible error in the attempt to do that.

It is urged that the case should be reversed and remanded because the plaintiff in the course of her direct examination made a statement to the effect that the fall hastened the performance of an operation for a tumor which she had. Appellant says it was not proper for respondent, not being a medical expert, to testify as to such effect resulting from her fall. But the inquiry being made of her by her attorney was not to show that she had been compelled to go to the hospital as a result of the fall but that her going there was not on account of any trouble to her knee. She

answered that she did not go to the hospital on account of her knee, but that she went to the hospital before the accident to be operated on for appendicitis, and, after the accident, went a second time to have some adhesions removed which had formed as a result of the operation. This was in answer to her attorney's question which was to show that it was not on account of anything wrong with the knee that she was in the hospital. This was perfectly proper and her answer thus far was competent. She then stated that when she had the adhesions broken up on her second visit to the hospital she also had a tumor removed and volunteered the additional statement that the jar she got from the fall "wrenched me so that it was necessary to remove it sooner." Perhaps this last statement should not have been made, but it was not in response to any question asked her, and if appellant did not want it to remain in the record, objection thereto should have been entered and a request made to strike it from the record. But nothing of this kind was done.

Appellant claimed that a grading contractor had taken up the crosswalk in grading the street under a contract with the city by which it was made his duty to carefully replace the walk in as good condition as before, and that the defect in the crosswalk was caused by his negligence. If this was true he should have been a party to the suit under section 8862, Revised Statutes 1909. Appellant claims error on the part of the trial court in excluding the contract between the city and the contractor. But the evidence showed that the grading had been finished several months before the accident and that the defective condition arose only about a month or six weeks prior thereto. There was no evidence showing or tending to show that the act of the contractor caused the defect. Hence, the court did not err in excluding the contract.

Lastly it is urged that the verdict is excessive. It does not appear thus so clearly as to justify us in

reducing it. The physician who was called to treat respondent's knee testified that the leg was lacerated, the skin broken and discolored and the knee badly swollen; there was great pain, and inflammation of the synovial membrane or covering of the joint, and the knee became stiff. This, in the opinion of the doctor, would likely disappear in time if proper treatment and manipulation were given it with care and regularity, which process would be attended with pain. However, he would not say with certainty that the joint would lose its stiffness, only time could tell about that; sometimes such an injury resulted in a permanent stiffness, but he thought that with care and proper attention she would have a serviceable knee though not so good as before. At the time of the trial the leg was partially flexed so that only the toes touched the ground, the heel did not touch and any attempt to straighten the leg caused great pain. Appellant's expert gave it as his opinion that the knee would recover, but admitted on cross-examination that the joint would be permanently weakened. Under such testimony we are not justified in reducing a verdict for $1500.

Judgment affirmed. All concur.